```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
          HAMMOND DIVISION
```

| | | |
|---|---|---|
| MICHAEL SHIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:11 CV 204 |
| | ) | |
| MILLER BEACH TERRACE, INC. | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER

Before the Court is the Defendant's "Motion to Dismiss the State Law Count of the First Amended Complaint," [DE 23] filed on February 27, 2012. Plaintiff did not respond. For the following reasons, the Defendant's Motion will be GRANTED.

## DISCUSSION

Plaintiff, Michael Shivers ("Shivers"), filed his First Amended Complaint against Defendant Miller Beach, his former employer, alleging violations of Title VII as well as two claims for unpaid overtime compensation. The first claim for unpaid compensation was brought under federal law pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §207. The second claim was brought under Indiana's Minimum Wage Law, Ind. Code §22-2-2, *et seq.* In its motion, the Defendant seeks dismissal of the Indiana wage claim contending that because it is an employer as defined by FLSA, FLSA is the exclusive remedy for overtime claims.

"[I]n Indiana, claims for overtime compensation cannot be raised under the [Indiana] Wage Law and … the [FLSA] is the *exclusive* remedy for enforcing rights created under that federal statute." *Parker v. Schilli Transp.*, 686 N.E.2d 845, 851 (Ind. Ct. App. 1997) (affirming dismissal

1

of plaintiff's Indiana Wage Law claim because her former employer was an employer within the meaning of the FLSA) (emphasis added); *see also Edmonds v. Feralloy Midwest Corp.*, No. 2:07 CV 266, 2009 WL 1605156, at *7 (N.D. Ind. June 3, 2009) (granting summary judgment on plaintiff's Indiana Wage Law overtime claim because employer was covered by the FLSA and the FLSA is the exclusive remedy for overtime claims in Indiana).

Moreover, under the Indiana Wage Law, the term "employer" "shall not include any employer who is subject to the minimum wage provision of the federal Fair Labor Standards Act of 1938, as amended." Ind. Code § 22-2-2-3. Here, Shivers alleges in the Amended Complaint that Miller Beach "is an 'Employer' subject to the Fair Labor Standards Act of 1938, as Amended, 29 USC 207 *et seq*." Am. Cmpl. ¶ 15. Specific to his Indiana wage claim, Shivers incorporates the allegation that Miller Beach was an employer for FLSA purposes. Am. Cmpl. ¶ 22. Thus, the Amended Complaint's allegations that Miller Beach is an employer subject to the FLSA precludes Shivers from recovery under the Indiana Wage Law as set out above. The Motion to Dismiss the state law wage claim is therefore GRANTED.

So ORDERED. This 18th day of April, 2012

s/ William C. Lee
United States District Court